### No. 618
### McDONALD et al v. SEIDMAN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5230. Decided June 9, 1924

679. JUDICIAL SALES—Confirmation of an order set aside where purchaser is misled as to outstanding indebtedness against property.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by King to marshall a lien upon certain property composed of two pieces which were separately appraised, one for $30,000 and the other for about $3,000. The sale was duly advertised, appraised and the small parcel purchased by Seidman at sheriff's sale for $2,700. On this smaller parcel there was a first mortgage held by the Federal Loan Company to the full knowledge of B. M. McDonald. The Federal Loan Company was not a party to the suit, although this mortgage was something like $1,700 at the time the property was purchased at sheriff's sale. Upon motion of the sheriff the sale of this parcel was confirmed as to Seidman, although she had not paid the purchase money.

Shortly thereafter she filed a motion to set aside the sale on the ground that she had purchased the property, as she supposed, free and clear of encumbrance, while really there was $1,700 against the property. Subsequently a petition to set aside the same was filed and the sale set aside. No motion was filed to set aside the sale to King, who purchased the larger parcel, but McDonald in his answer set up that if the sale to Seidman was set aside, the sale to King should also be set aside. Error was then prosecuted to the Court of Appeals. In affirming the judgment of the lower court, this Court held:

1. As the purchaser was misled in buying this property in that she was not aware of the mortgage indebtedness, the order of confirmation of the sale should be set aside, as any other ruling would be using the court to perpetrate a fraud upon the purchaser.

Attorneys—Wm. H. Chopmon, for McDonald et al; John A. Alburn, for Seidman; all of Cleveland.

### No. 619
### NEFFLE v. CLEVE. & SAND. BREW. CO
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5198. Decided May 26, 1924

703. LANDLORD AND TENANT—Lessor not liable to sub-tenant for collapse of outside stairwoy in absence of concealment or agreement to repair, or statutory violation.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Jeanette Neffle brought an action against the Cleveland & Sandusky Brewing Co. and one Louis Voss to recover damages for an injury resulting to her by reason of a stairway collapsing on the premises owned by the Brewing Co., precipitating her to the cement walk below. The premises were leased to Louis Voss upon a tenancy from month to month. Neffle was a sub-tenant of Voss. Later Voss advised the Company that the builing was in need of certain repairs. Subsequently a man from the Brewing Company made a few minor repairs on the stairway and siding.

The stairway was separated from the building and a few nails were put into it to hold it. Fifteen months later this stairway collapsed while plaintiff, a sub-tenant, was using it. The plaintiff then brought an action against Voss and the Brewing Co. At the close of the evidence the court directed a verdict in fovor of the Brewing Co., whereupon a juror was withdrawn by Voss and the case was continued as to him. Error was prosecuted to the Court of Appeals. In affirming the judgment of the lower court, the Court of Appeals held:

1. A lessor of a building is not liable to the lessee or sub-lessee or others lawfully on the presimses for its condition in the absence of actual or constructive concealment or of any agreement of the violation of a duty imposed by statute.

2. As there was no evidence to show any agreement or statutory liability on the part of the lessor, the lessor was not liable under the facts in this case.

Attorneys—Payer, Winch, Minshall & Karch, for Neffle; Boyd, Cannon, Brooks and Wickham and M. W. Kastriner, for Brewing Co.; all of Cleveland.